IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNA PALOVA, | § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 4:21-cv-03451 |
| UNITED AIRLINES, INC., | § § § | |
| *Defendant.* | § | |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST REED SMITH LLP AND
MICHELE HAYDEL GEHRKE**

### INTRODUCTION

Plaintiff respectfully requests that this Honorable Court exercise its inherent authority as well as its power under 28 U.S.C. § 1927 to sanction Reed Smith LLP and Michele Haydel Gehrke for making factual and legal misrepresentations to the Court. Gehrke's groundless motion for sanctions – which this Court denied both on the record and in a subsequent written order – was based entirely on falsehoods that Gehrke knew, or should have known, were wrong. Gehrke should never have presented such a misleading motion to this Court.

Gehrke's misconduct did not end with the filing of her baseless motion. During the February 13, 2024 hearing, the Court asked Gehrke a series of questions about her "evidence" for the falsehoods in her motion. Rather than being honest and admitting that she had no "evidence," Gehrke arrogantly tried to evade the Court's questions. Then, Gehrke appears to have lied outright in response to a question from the Court. Gehrke's conduct fell far below the minimum level of candor and professionalism required in a United States District Court. That conduct subjects Reed Smith and her to sanctions.

As shown below, Gehrke violated her duty of candor in four specific ways:

1

1. **Asserting an unsupported legal position.** Without having any legal basis, Gehrke asked this Court to enforce a protective order issued by a state court outside its jurisdiction. Gehrke violated her duty of candor by asserting a legal position that was unsupported by any authority. Gehrke's citations to case law in her motion were misleading because the cases she cited did not support her position.

2. **Making false factual misrepresentations.** Gehrke made at least four specific factual misrepresentations in her motion that were unsupported by any evidence. When the Court specifically questioned her about the "evidence" that supported these falsehoods, Gehrke gave misleading and evasive answers over nine pages of transcript. Those evasive answers confirmed that Gehrke had no evidence for any of these statements.

3. **Apparently lying in open Court.** During the hearing, in response to a question from the Court, Gehrke appears to have lied about whether she had notified opposing counsel in California – Sohaila Sagheb – of the alleged violations of the protective order she was claiming. As confirmed by a declaration from Sagheb, Gehrke had not – and apparently still has not – notified Sagheb of any alleged violation or intent to seek sanctions in California. That directly contradicts what Gehrke told this Court.

4. **Failing to correct misrepresentations after being put on notice.** On February 14, 2024, the undersigned sent a letter to Gehrke addressing each of these issues specifically, including the apparent misrepresentation on the record. Yet, despite being confronted with proof of her misrepresentations, Gehrke did not substantively respond and has made no effort to correct the record.

This Honorable Court should not countenance repeated acts of deception by an officer of the Court, as Gehrke committed here. Gehrke's dishonest motion – and continued dishonesty in oral argument – is a textbook example of the unreasonable and vexatious multiplication of proceedings that 28 U.S.C. § 1927 prohibits. This Court should sanction and make an example out of Gehrke and Reed Smith for their misconduct. Sanctions are necessary to expiate the harm that Gehrke's dishonesty has caused to the integrity of these proceedings and the rights of the Plaintiff.

Plaintiff has chosen to file this motion at the present time to avoid any argument that she delayed in seeking relief. However, to avoid any interference with trial preparation, Plaintiff requests that the motion for sanctions be heard post-trial.

## **L**EGAL **S**TANDARD FOR **S**ANCTIONS

This Court has the authority to impose monetary sanctions under both its inherent authority and under 28 U.S.C. § 1927 against attorneys that "multip[ly] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The terms "unreasonably and vexatiously" describe conduct that is objectively "harassing or annoying or evinces the intentional or reckless pursuit of a claim, defense or position that is or should be known by the lawyer to be unwarranted in fact or law or is advanced for the primary purpose of obstructing the orderly process of the litigation." *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2021 U.S. Dist. LEXIS 19123, 2021 WL 351360, at *1 (E.D. Tex. Feb. 2, 2021) (internal quotations omitted).

Vexatious conduct encompasses most harassing behavior. "[V]exation can be as broad as 'to bring trouble or distress to,' 'to subject to mental suffering,' or 'to irritate or annoy,' as well as 'to tease or torment.'. …. Indeed, any 'reckless disregard of the duty owed to the court' can suffice.'" *Ratliff v. Stewart*, 508 F.3d 225, 235 n.13 (5th Cir. 2007) (internal citations omitted); *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998).

An attorney acts with "reckless disregard" of her duty to the Court by advancing a baseless claim without reasonable inquiry. *Morrison v. Walker*, 939 F.3d 633, 638 (5th Cir. 2019). By advancing baseless claims, Gehrke's motion for sanctions showed bad faith, improper motive, and reckless disregard and is therefore sanctionable. *Edwards,* 153 F.3d 242, 246 (5th Cir. 1998); *Printeron Inc. v. Breezyprint Corp*., 93 F. Supp. 3d 658, 712 (S.D. Tex. 2015).

The Court should not tolerate Gehrke's attempts to malign and slur ethical lawyers with falsehoods – as Gehrke did here. The conduct of Reed Smith and Gehrke warrants sanctions under 28 U.S.C.A. § 1927 and the Court's inherent authority.

**A.     Gehrke's motion for sanctions was baseless because it failed to identify any violation of the Federal Rules of Civil Procedure or this Court's orders.**

Rule 11(b)(2) requires an attorney to certify after reasonable inquiry that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[1]  Fed. R. Civ. P. 11(b)(2).  Gehrke requested sanctions against MPJ for alleged violations of a protective order entered by a state court in California.

Gehrke cited no authority under "existing law" that supported her suggestion that this Court – or any federal court – could interpret and enforce a protective order outside its jurisdiction.  Fed. R. Civ. P. 11(b)(2).  All the cases Gehrke relied on involved the familiar scenario of a federal court enforcing its own orders or the Federal Rules of Civil Procedure, which is far different from the type of ruling she asked the Court to make.  Gehrke's improper citation of this case law – without acknowledging that it did not support her position – violated her duty of candor to the Court.

Worse, Gehrke appears to have known that her position was unfounded.  During oral argument, she tried to dodge the Court's direct questions about whether MPJ had violated any Federal Rule of Civil Procedure or order of this Court.  *See* ECF 91, Transcript of February 13, 2024 hearing at 101:25-102:18.

After an extended colloquy on the record, Gehrke later made the illogical argument that MPJ committed a "fraud on the Court" by submitting a declaration stating that all United documents produced in *Ayson* had been marked confidential.  *See* ECF 91, Transcript of February 13, 2024 hearing at 106:11-14.  Gehrke seemed oblivious to the fact that MPJ would have had to

---

[1] Plaintiff has moved under 28 U.S.C. § 1927 and the Court's inherent authority instead of Rule 11 because United's motion for sanctions was denied.  However, Gehrke's and Reed Smith's blatant disregard of Rule 11 obligations, which apply to all federal practitioners, is relevant to the sanctions analysis under both standards.

review the *Ayson* documents to have a basis to second-guess the accuracy of that statement. According to Gehrke's contradictory reasoning, MPJ should have engaged in the very conduct she alleges was sanctionable to verify that statement. Gehrke's argument was not just illogical – it transparently contradicted her position that MPJ attorneys were not permitted to review *Ayson* documents.

Bottom line: No existing law – or good faith argument for new law – supports Gehrke's argument that the Court has a roving commission to enforce state court protective orders throughout the United States. For that reason, Gehrke and Reed Smith violated 28 U.S.C. § 1927 and deserve to be sanctioned.

**B.     Gehrke made factual assertions without evidentiary support and evaded the Court's questions about her lack of evidence.**

Rule 11(b)(3) requires an attorney to certify that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Gehrke made the following factual assertions in her motion for sanctions knowing that she had no evidentiary support and without identifying any of those assertions as dependent on further investigation or discovery:

- "MPJ entered into an arrangement with Ms. Sagheb [Plaintiff's counsel in California] that gave them access to documents that United produced in *Ayson* (including those subject to the [California protective] Order), and then used Confidential Materials in that production to support Plaintiff's arguments in this case." ECF 82 at p. 7.

- "The declarations Plaintiff filed in this action amount to an admission that her counsel acted in bad faith by violating a court order and collaborating with counsel in *Ayson* to conceal the fact that they did so." ECF 82 at p. 8.

5

- "Plaintiff used documents designated as Confidential in *Ayson* to support her interests in this action even though the Order directly prohibited her from doing so." ECF 82 at p.9.
- "The declaration by Ms. Pope and Ms. Sagheb make clear that Plaintiff and her attorneys have knowingly violated the Order in *Ayson* and made material misrepresentations about having done so." ECF 82 at p.9.

Each of these statements was false. First, no MPJ attorney was a party to the protective order in *Ayson* or was in a position to "knowingly violate the Order." At the time she signed the motion containing this false assertion, Gehrke knew she had no evidence that any MPJ attorney was subject to the protective order in *Ayson*. At a minimum, Gehrke showed reckless disregard for the truth in making this false statement without the slightest evidence.

Second, Ms. Sagheb – counsel for the plaintiffs in *Ayson* – did not give MPJ "access to documents that United produced in *Ayson*," and no attorney at MPJ has viewed any *Ayson* documents, confidential or otherwise – except for the ones that United produced in this case after the January 5, 2024, hearing. MPJ has not stored any *Ayson* documents on its servers or computer systems either (again, except for the ones United produced in this case after the January 5 hearing). Gehrke knew that she had no evidence to support the false assertion that MPJ ever had "access to the documents that United produced in *Ayson*."

Third, MPJ did not "use[] documents designated Confidential in *Ayson* to support" Palova's "interests in this action." In fact, MPJ did not use any documents from *Ayson* at all. At most, MPJ submitted a declaration from someone qualified under the *Ayson* protective order that referenced Bates numbers. That is a far cry from using confidential documents in violation of a protective order. Gehrke's statement was factually false, as she had no evidence that anyone from MPJ "used documents designated Confidential in *Ayson*."

6

Fourth, MPJ did not "admit" to a violation of the protective order in *Ayson*. Nothing in the declarations of Ms. Pope and Ms. Sagheb state that they gave MPJ access to confidential materials in *Ayson* – much less admit to such conduct. In fact, both declarations avow compliance with the *Ayson* protective order, which refutes the suggestion that MPJ admitted to violating the protective order either independently or in collusion with either Ms. Pope or Ms. Sagheb. Once again, Gehrke had no evidence for this reckless and false assertion at the time she signed the motion.

Furthermore, before making these statements in a federal court motion, Gehrke, at a minimum, should have contacted Mr. Mitby and Ms. Pacholder. She should have at least inquired as to whether MPJ was a party to the *Ayson* protective order, had received any confidential documents that United produced in *Ayson*, had used confidential *Ayson* documents for any purpose, or had engaged in knowing violations of the California court's order. But Gehrke did not attempt to discover or verify the facts before signing her motion for sanctions. She chose not to conduct a reasonable investigation before slandering fellow attorneys with false accusations of professional misconduct.

There is no excuse for Gehrke's failure to conduct minimal investigation into the factual assertions in her sanctions motion. She is regularly in contact with MPJ attorneys on discovery and other issues related to the *Palova* case. As lead counsel in *Ayson*, she also likely has regular contact with Soheila Sagheb, the solo practitioner who represents the plaintiffs in *Ayson*. Yet Gehrke did not reach out to either MPJ or Ms. Sagheb to investigate the basis of her motion for sanctions.

Gehrke's conduct at the February 13 hearing shows that she knew her factual assertions lacked evidentiary support. When asked to identify evidence that MPJ attorneys had executed the protective order, received confidential documents from the *Ayson* case, or used those documents

7

in this case (as opposed to citing Bates numbers), Gehrke struggled to evade the Court's questions over nine pages of transcript. *See* ECF 91, Transcript of February 13, 2024 hearing at 110:13-119:24. The Court repeatedly questioned Gehrke about the "evidence" that supported her claims and Gehrke gave convoluted and illogical responses. *Id.* If Gehrke had a factual basis for her allegations, she would not have had to resort to these tactics and would have given simple, factual answers.

C.     **Gehrke appears to have lied openly to the Court in answering the Court's questions.**

Gehrke was so determined to push her false narrative that she apparently lied directly to the Court in her argument on February 13, 2024. Under questioning from the Court about whether she had sought relief in the California court, Gehrke represented that she had put opposing counsel – Sohaila Sagheb – on notice of United's intent to raise the issue with the California court.

> Exactly. And we do intend to do that. We've been busy here. But that is on our short list of things to do, and we already put counsel on notice we intend to do that. Ms. Sagheb.

ECF 91, Transcript of February 13, 2024 hearing at 113:2-5. This statement appears to have been a lie. As the declaration of Sohaila Sagheb makes clear, neither Gehrke nor Reed Smith made any attempt to contact her about any alleged violation of the protective order. *See* Ex. 1, Declaration of Sohaila Sagheb at ¶¶ 3, 4, and 5. This shows that Gehrke answered the Court's question falsely.

The undersigned even gave Gehrke an opportunity to address the issue by asking in a February 14, 2024 letter about the basis of her statement to the Court:

> 9.     Please identify the exact date and manner in which you put Sohaila Sagheb on notice of any alleged violation of the protective order in *Ayson*, as you represented to the Court yesterday.

*See* Ex. 2, February 14 letter from Steven Mitby to Michele Gehrke. Significantly, despite writing a five-page letter in response, Gehrke did not even address this question. Gehrke's evasion further

8

confirms that she was untruthful with the Court and has no reasonable explanation for her conduct. Based on repeated acts of dishonesty, the Court should impose sanctions.

**D.      Gehrke did not correct the record despite having an opportunity to do so.**

The undersigned's February 14, 2024 letter posed specific questions about the evidentiary basis for Gehrke's assertions in her motion for sanctions and at the hearing. The most important questions were the following:

> 3.      Please identify any "existing law" cited in your motion that supports your "legal contention" that a United States District Court may enforce a protective order issued outside its jurisdiction by a state court. Fed. R. Civ. P. 11(b)(2).
>
> 4.      To the extent you claim you presented a "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," please identify where in your motion you did so and where you candidly acknowledged to Judge Bennett that you were making such an argument instead of relying on "existing law." Fed. R. Civ. P. 11(b)(2).
>
> 5.      Please identify the "evidentiary support" you had to make the following statement: "MPJ entered into an arrangement with Ms. Sagheb that gave them access to documents that United produced in *Ayson* (including those subject to the Order), and then used Confidential Materials in that production to support Plaintiff's arguments in this case." Fed. R. Civ. P. 11(b)(3).
>
> 6.      Please identify the "evidentiary support" you had to make the following statement: "The declarations Plaintiff filed in this action amount to an admission that her counsel acted in bad faith by violating a court order and collaborating with counsel in *Ayson* to conceal the fact that they did so." Fed. R. Civ. P. 11(b)(3).
>
> 7.      Please identify the "evidentiary support" you had to make the following statement: "The declarations by Ms. Pope and Ms. Sagheb make clear that Plaintiff and her attorneys have knowingly violated the Order in *Ayson* and made material misrepresentations about having done so." Fed. R. Civ. P. 11(b)(3).
>
> 8.      Please identify the "evidentiary support" you had to make the following statement: "Plaintiff used documents designated as Confidential in *Ayson* to support her interests in this action even though the Order directly prohibited her from doing so."

> 9. Please identify the exact date and manner in which you put Sohaila Sagheb on notice of any alleged violation of the protective order in *Ayson*, as you represented to the Court yesterday.

*See* Ex. 2, February 14 letter from Steven Mitby to Michele Gehrke. The undersigned gave Gehrke a one-week deadline to respond to the letter. Despite writing a five-page response that her associate sent shortly before midnight on the due date, Gehrke did not substantively answer any of the questions and completely ignored the last one. *See* Ex. 3, February, 21, 2-024 letter from Michele Gehrke to Steve Mitby. Instead, Gehrke reiterated much of the non-responsive rhetoric she used at the hearing. *Id*.

In the time since she filed her baseless motion for sanctions, Gehrke has had more than adequate notice of the need to correct the record. Despite having had an opportunity to do so, Gehrke has not taken any action to correct a single misstatement. That failure is relevant to the Court's determination of whether to issue sanctions.

## CONCLUSION

Reed Smith LLP and Michele Haydel Gehrke have violated 28 U.S.C. § 1927 and shown contempt for the Court's authority by repeated instances of dishonesty. Sanctions are necessary to protect the integrity of these proceedings. Accordingly, this Court should grant monetary sanctions and require Reed Smith and Gehrke to reimburse Plaintiff's attorney's fees and costs associated with responding to their baseless motion for sanctions and filing this motion.

Dated: February 27, 2024

**MITBY PACHOLDER JOHNSON, PLLC**

*/s/Steven J. Mitby*
Steven J. Mitby
State Bar No. 24037123

        Federal Bar No. 33591
        1001 McKinney Street, Suite 925
        Houston, Texas 77002
        Email. smitby@mitbylaw.com

        ***Attorney in Charge for Plaintiff Anna Palova***

OF COUNSEL FOR PLAINTIFF:

Debbie S. Pacholder
Texas Bar No. 00784969
Federal Bar No. 17810
Email: dpacholder@mitbylaw.com
John Bullock
State Bar No. 24109671
Fed. ID No. 3362946
Email: jbullock@mitbylaw.com
1001 McKinney Street, Suite 925
Houston, Texas 77002

**CERTIFICATE OF CONFERENCE**

    I hereby certify that on the 26th day of February 2024, I conferred with opposing counsel who represented to me that they were opposed to the relief requested in this motion.

        */s/Steven J. Mitby*
        Steven J. Mitby

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 27th day of February 2024, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

        */s/Steven J. Mitby*
        Steven J. Mitby