United States District Court
Southern District of Texas
**ENTERED**
March 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNA PALOVA, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-03451 |
| UNITED AIRLINES, INC., | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Defendant United Airlines, Inc.'s Motion for Summary Judgment (Doc. #34), Plaintiff Anna Palova's Response (Doc. #49), and Defendant's Reply (Doc. #61). Having considered the parties' arguments and the applicable legal authorities, the Court grants Defendant's Motion for Summary Judgment (Doc. #34).

**I.  Background**

For over two decades, Plaintiff Anna Palova ("Plaintiff") worked as a flight attendant for Continental Airlines, which merged with Defendant United Airlines, Inc. ("Defendant" or "United") in 2018. As a result of the merger, the terms and conditions of Plaintiff's employment was governed by a Joint Collective Bargaining Agreement (the "JCBA") that was entered into between the Association of Flight Attendants Union and United in 2016. Doc. #34 at 6; *see also* Doc. #19, Ex. 3. In Section 7.I.19 of the JCBA (the "Parking Provision"), it stated, "The placement of trips on other Flight Attendant's lines to facilitate trading ("[P]arking") is not permitted." Doc. #19, Ex. 3 at 71. However, other types of trip trading between flight attendants were permitted. *Id.* at 69–71. United asserts that it began receiving complaints regarding flight attendants violating

the Parking Provision. Doc. #34 at 6. Because the complaints were so numerous, United issued communications to all flight attendants in March 2019 that emphasized the restrictions in the Parking Provision. Doc. #34, Ex. 8; Doc. #34, Ex. 9. The communications explicitly stated that Parking is prohibited and consequences, including discharge, could result. Doc. #34, Ex. 8; Doc. #34, Ex. 9. Following the 2019 communications, United began to investigate whether flight attendants were still engaged in Parking. Doc. #34 at 12. During its investigation, United determined that Plaintiff and other flight attendants were Parking. As a result, in February 2020, United interviewed Plaintiff so she could explain her trip trading activities. Based on its investigation and the interview, United determined that Plaintiff violated the Parking Provision and terminated her on February 28, 2020. *Id.* at 13. During that time period, twenty-seven other flight attendants were also terminated for Parking. *Id.*

On October 20, 2021, Plaintiff sued United for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Texas Commission on Human Rights Act ("TCHRA"), and for breach of contract. Doc. #1. On March 12, 2022, Plaintiff amended her Complaint. Doc. #19. In her First Amended Complaint (Doc. #19), Plaintiff abandoned her breach of contract claim. As to her age discrimination claims, Plaintiff avers that she was "unfairly and maliciously discharged by Defendant for pretextual reasons regarding alleged "parked trips" and "egregious violations of Company policy." *Id.* at 4. Plaintiff contends that her trip trades were permitted under the JCBA and did not constitute Parking. *Id.* at 6–8. Thus, she asserts that based on information and belief, she was singled out and investigated by Defendant for alleged Parking because of her age. *Id.* at 10. Plaintiff was fifty-eight years old at the time she was terminated. *Id.* at 4. In support of her age discrimination claims, Plaintiff states, "Defendant and its authorized representatives violated Plaintiff's rights by singling out [s]enior [f]light [a]ttendants' trips, like

2

Ms. Pavola, creating ambiguous trip trading policies, and conducting hearings without due process." *Id.* at 12, 14. Defendant moved for summary judgment on Plaintiff's claims (Doc. #34), which the Court now considers.

## II.     Legal Standard: Federal Rule of Civil Procedure 56

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial. All reasonable inferences must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in favor of the non-moving party." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (cleaned up). Self-serving affidavits and declarations are sufficient to create a genuine issue of material fact so long as the statements are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021).

## III.    Analysis

Defendant contends that Plaintiff's claims are precluded and preempted by the Railway Labor Act (the "RLA"). Doc. #34 at 7. The RLA "establishes elaborate administrative procedures for the resolution of both major and minor labor disputes." *Atchison, Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 562 (1987). Major disputes are those that arise "out of the formation or change of collective bargaining agreements covering rates of pay, rules, or working conditions." *Id.* at 563. Major disputes are not at issue here. Minor disputes, on the other hand, are those that

3

arise "out of grievances or out of *the interpretation* or application of agreements covering rates of pay, rules, or working conditions." *Carmona v. Sw. Airlines Co.*, 536 F.3d 344, 348 (5th Cir. 2008). "The 'distinguishing feature' of a minor dispute 'is that the dispute may be conclusively resolved by interpreting the existing [collective bargaining] agreement.'" *Id.* (alterations in original) (quoting *Consol. Rail Corp. v. Ry. Lab. Execs. Ass'n*, 491 U.S. 299, 305 (1989)). A claim is "conclusively resolved" by the existing collective bargaining agreement if "the dispute does not involve rights that exist independent of the [collective bargaining agreement]." *Id.* Should the dispute require an interpretation of the existing collective bargaining agreement, then arbitration is required. *BNSF Ry. Co. v. Bhd. of Maint. of Way Emps.*, 550 F.3d 418, 423 (5th Cir. 2008). The JCBA at issue here contains a section that authorizes the System Board of Adjustment to have jurisdiction over disputes. Doc. #19, Ex. 3 at 210. For minor disputes, the RLA preempts causes of action arising under state law and precludes claims arising out of a federal statute. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 259 n.6 (1994).

     Defendant contends that Plaintiff's assertions that the JCBA authorized her to trade trips as she did, as well as her claim that United interfered with her right to trade said trips, are the types of minor disputes that are barred by the RLA. Doc. #34 at 16. According to Defendant, to adjudicate Plaintiff's claims, the Court will be required to interpret the Parking Provision of the JCBA to determine if Plaintiff indeed engaged in Parking to warrant her termination. *Id.* at 19. On the other hand, Plaintiff avers that her claims are not prohibited by the RLA because neither of her claims "*turn on* the interpretation of any provision in the JCBA." Doc. #49 at 7. Instead, she asserts that the definition of Parking is not at issue, but it is merely mentioned because United relies upon it as a basis for her termination. *Id.* at 7–8. But she contends there is evidence that United's reason is pretextual because age discrimination was its true motive for terminating her.

*Id.* at 8.

By asserting that she was authorized by the JCBA to trade trips as she did, and further stating that United wrongfully labeled her proper trip trades as Parking, Plaintiff puts interpretations of provisions of the JCBA at the center of this dispute. *See* Doc. #19 at 6–8 ("Ms. Palova was in compliance with JCBA section 7.J.1., which authorizes unlimited trip trading."). For the Court to adjudicate this case and properly conduct the burden-shifting analysis associated with discrimination cases, as outlined in the Supreme Court's holding in *McDonnell Douglas Corporation v. Green*, the Court will have to determine whether Plaintiff's trip trading constituted Parking and warranted her termination. 411 U.S. 792, 801–02 (1973). In *McDonnell Douglas*, once a plaintiff establishes a prima facie case of age discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the alleged adverse treatment (here, termination). *Id.* Then, the burden shifts back to the plaintiff to prove that the articulated reason is pretextual. Assuming Plaintiff can establish a prima facie case for age discrimination, the Defendant will undoubtedly rely on the JCBA as its legitimate, nondiscriminatory reason for Plaintiff's termination. When the burden shifts back to Plaintiff, she will likely argue, as she has in her First Amended Complaint (Doc. #19), that she had the unlimited right to trade trips and her trip trades complied with the JCBA. Thus, she will claim that when Defendant mislabeled her, and other senior flight attendants', trip trades as Parking, it did so to discriminate against them. At that point, the Court will be required to determine if Plaintiff actually engaged in Parking, which is not within the Court's jurisdiction to do. Accordingly, Plaintiff's claims fall under the RLA, and summary judgment is warranted.

## IV. Conclusion

In conclusion, the Court finds that Plaintiff's TCHRA claim is preempted by the RLA, and her ADEA claim is precluded by the RLA. As such, Defendant's Motion for Summary Judgment (Doc. #34) is hereby GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. A final judgment will be entered concurrently with this Order.

It is so ORDERED.

MAR 0 5 2024
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge